**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEANN WIESNER, | Case No. 2:13-cv-00315-JCM-PAL |
| Plaintiff, | **ORDER** |
| vs. | |
| PHILIP PRO, et al., | |
| Defendants. | |

This matter is before the court on the court's review of the docket in this case. Plaintiff DeAnn Wiesner filed her Complaint on February 26, 2013, naming the undersigned and other judges in this District as Defendants. The sole allegation in her Complaint was "Under 1983 Civil Rights–Defendants knew victims of domestic violence had their evidence destroyed by State of Nevada VAWA Fund Administrators." Complaint at 1. Plaintiff did not submit an application to proceed in forma pauperis or pay the filing fee. The court, therefore, entered an Order (Dkt. #2) requiring Plaintiff to submit an application to proceed in forma pauperis or pay the required filing fee. Plaintiff now seeks damages for the undersigned's Order (Dkt. #2) because of an unspecificied conflict of interest. *See* Motion for Sanctions (Dkt. #3).

The Code of Conduct for United States Judges requires a judge to disqualify himself or herself in limited circumstances, including cases where a judge's impartiality may be reasonably questioned. *See* Code of Conduct for United States Judges, Canon 3(C) (Mar. 2009 ed.) (codified at 28 U.S.C. § 455). In the absence of a legitimate reason to recuse, a judge has the duty to sit in all cases coming before him or her. *See United States v. Holland,* 519 F.3d 909, 912 (9th Cir. 2008). The standard for recusal under section 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be reasonably questioned." *Pesnell v. Arsenault,* 543 F.3d

1038, 1044 (9th Cir. 2008) (citing *United States v. Hernandez,* 109 F.3d 1450, 1453 (9th Cir. 1997)). A judge is not required to recuse himself or herself from a case because a person has filed a civil complaint against him or her. *See United States v. Sutcliffe,* 505 F.3d 944, 958 (9th Cir. 2007); *Ronwin v. State Bar of Arizona,* 686 F.2d 692 (9th Cir. 1981) (stating "a judge is not disqualified merely because a litigant sues or threatens to sue him . . . . [s]uch an easy method for obtaining disqualification should not be encouraged or allowed"), *cert. denied,* 461 U.S. 938 (1983), *rev'd on other grounds by Hoover v. Ronwin,* 466 U.S. 558 (1984).

Plaintiff's naming the undersigned as a Defendant and the allegations in Plaintiff's Complaint and Amended Complaint did not require recusal under the Code of Conduct for United States Judges, or applicable Ninth Circuit case law, and the court therefore entered the Order (Dkt. #2) about which Plaintiff now seeks sanctions. However, since that order was entered the court has learned additional information which might casue a reasonable person with knowledge of the facts to cnclude the undersigned's impartiality might reasonably be questioned. The court therefore finds recusal pursuant to Canon 3(C)(1) of the Code of Conduct for United States Judges is warranted..

Having reviewed and considered the matter,

**IT IS ORDERED:**

1. The undersigned United States Magistrate Judge recuses herself from this case.
2. This matter is referred to Chief Judge Robert C. Jones for random reassignment to another Magistrate Judge.

Dated this 3rd day of June, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE