# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEANN WIESNER,

    Plaintiff,

v().

PHILIP PRO, *et al*.,

    Defendants.

Case No. 2:13-CV-00315-KJD-GWF

**ORDER**

    Before the Court are Plaintiff Deann Wiesner's Complaint (#1), Addendum to Complaint (#5), First Amended Compalint (#6) and Second Amended Complaint (#20).

I. Legal Standard

    A. *Pro Se* Filings

    Plaintiff is *pro se*, meaning that her submissions to the Court are "to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation omitted); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (applying this standard to *pro se* complaints). "[H]owever, a *pro se* litigant is not excused from knowing the most basic pleading requirements." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000). Further, she "must meet some minimum threshold in providing a defendant with notice of

what it is that it allegedly did wrong." Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

### B. Basic Pleading Requirements

Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations, citations and alterations omitted). Rather, the claim must be facially plausible, meaning that the facts pled "permit the court to infer more than the mere possibility of misconduct." Id. at 679.

### C. *Sua Sponte* Dismissal

A District Court may *sua sponte* dismiss a complaint prior to responsive pleadings only if the complaint is frivolous. Kidd v. Dep't of Corr., 993 F.2d 883 (9th Cir. 1993). A complaint is frivolous if it "lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

## II. Analysis

Plaintiff seeks "monetary and injunctive damages" on various claims, each under 42 U.S.C. § 1983. To be clear, the initial complaint (#1) alleges only that "Defendants knew victims of domestic violence had their evidence destroyed by State of Nevada VAWA [Violence Against Women Act] Fund Administrators." The First Amended Complaint (#6) adds Nevada State Judges to the long list of defendants, apparently for refusing Plaintiff's filings under her vexatious litigant status. The First Amended Complaint (#6) also alleges misconduct by one of the State Judges. The Second Amended Complaint (#20) simply adds additional defendants, including all U.S. Department of Justice employees. The bulk of Plaintiff's actual claims stem from her Addendum to her original complaint (#5).

Importantly, all of Plaintiff's allegations will be presented below accompanied by their full factual basis as presented by Plaintiff.

A. Claim Against Judge Pro

Plaintiff's first claim is that Judge Pro "refuses to disclose to litigants in this court that he knows the Nevada courts refuse to disclose their errors and omissions in their courts." The remainder of Plaintiff's "Count 1" appears to be devoted to explaining exactly what Judge Pro should have "disclosed." Namely that the Violence Against Women Act Fund Administrators "take photographs of battered victims. . . used to obtain Protection Orders for the victims" but that the Administrators "place[] the photographs in the Opportunity Village bins OV [sic] shreds the photos." (#5).

This claim fails to meet the plausibility standards of Rule 8. No evidence has been introduced supporting the claim that the State of Nevada Violence Against Women Act ("VAWA") Fund Administrators are destroying photographs of domestic violence victims. Further, no evidence has been introduced that Judge Pro is aware of any such destruction. However, even if the Court assumes that such destruction is occurring, and that such destruction is impermissible rather than routine, and that Judge Pro is aware of it–and none of these assumptions are warranted–Plaintiff still fails to assert the elements of any cognizable claim. Lastly, all of the above analysis assumes that the Court construes Plaintiff's § 1983 claims as Bivens claims.[1] This utter absence of supporting fact renders Plaintiff's claim frivolous.

Additionally, this claim is frivolous due to judicial immunity. The Supreme Court has held that judicial immunity "is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all

---

[1] Section 1983 by its own terms applies only to State actors, and Judge Pro is quite clearly a Federal actor, requiring a Bivens claim. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971).

1  jurisdiction." Mireles v. Waco, 502 U.S. 9, 12 (1991). Accordingly, to the extent that Plaintiff is
2  complaining of non-action in a judicial as opposed to personal capacity, Plaintiff's claim is barred.
3        Accordingly, this claim is dismissed with prejudice.
4        B. Claims Against Judge Mahan
5        Plaintiff asserts that Judge Mahan's acceptance of her case violated her civil rights under §
6  1983 because Judge Mahan was a named defendant. (#5). Plaintiff also alleges that Judge Mahan
7  "knows of the errors. . . occuring in the St. of NV courts" and that he refused to recuse himself from
8  this case despite his "conflict of interest." (#5). The same analysis applies to the claims against Judge
9  Mahan as against Judge Pro. Further, to the extent that Plaintiff alleges her rights were violated by
10 Judge Mahan's original refusal to recuse himself, Judge Mahan clearly acted in his judicial capacity
11 and is fully immune. Accordingly, these claims are dismissed with prejudice.
12        C. Claim Against Judge Leen
13       Plaintiff asserts that Judge Leen violated Plaintiff's civil rights under § 1983 by issuing a
14 written order in this case despite being a named defendant. (#5). The same analysis applies to this
15 claim as to the claims against Judge Mahan. Judicial immunity fully bars Plaintiff's claim, making it
16 frivolous. Accordingly, this claim is dismissed with prejudice.
17        D. Claim Against Judge Navarro
18       Plaintiff asserts that Judge Navarro refuses to disclose that she knows that the Nevada
19 Violence Against Women Act Fund Administrators destroyed photographs of the Plaintiff
20 evidencing battery without memorializing this destruction in the case file. (#5). The same analysis
21 applies to this claim as to the claim against Judge Pro. Accordingly, this claim is dismissed with
22 prejudice.
23        E. Claims Against Judge Hoffman
24       Plaintiff asserts that Judge Hoffman refuses to disclose that he "knows CCSD Chief of
25 Police" and knows that the Nevada Violence Against Women Act Fund Administrators destroyed
26

4

photographs of the Plaintiff evidencing battery and without memorializing this destruction in the case file. (#5). The same analysis applies to this claim as to the claim against Judge Pro. Further, no cognizable claim is stated for Judge Hoffman refusing to disclose that he "knows CCSD Chief of Police." Even assuming factual accuracy–a leap unwarranted here–it is beyond the ability of this Court to imagine how Judge Hoffman might have violated Plaintiff's civil rights simply by knowing another person and refusing to disclose that knowledge, whatever their title and function. Accordingly, this claim is dismissed with prejudice.

F. Claims Against State Judges

Plaintiff asserts claims against state court judges Richard Glasson and Karen Bennett-Heron and their estates. Plaintiff alleges merely that these Judges "refuse me filing in their Court." Plaintiff adds that Judge Glasson "sat for my hearing and trial regarding criminal activity which Richard Glasson authorized without disclosing he authorized the criminal activity." Judicial immunity precludes a claim for refusing Plaintiff's filing. Further, it appears highly likely that the refusal stems from Plaintiff's vexatious litigant status in both the State Justice Courts (Case No. RJC 2011-072949) and the State Bankruptcy Courts (Case 10-10087-bam).

As for the final allegation regarding Judge Glasson, such a bare assertion clearly fails under Rule 8. Further, no factual basis for this claim has been asserted. Nevertheless, exercising an abundance of caution, the Court dismisses this claim without prejudice.

G. Claims Against Nevada VAWA Fund Administrators

Plaintiff has named the VAWA Fund Administrators as Defendants, and alleged behavior which possibly–but not plausibly–form the basis of a claim. However, Plaintiff entirely fails to actually make any claims against these Administrators. Further, regarding the distinction between suing a state and a state official, the Supreme Court has held:

> "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from

5

a suit against the State itself...We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983.

Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

It appears that Weisner is suing the Violence Against Women Fund Administrators in their official capacities as state administrators, barring her claims. Nevertheless, exercising additional caution, the Court dismisses this claim without prejudice.

H. Other Named Defendants

Plaintiff has also named as defendants virtually every Federal Judge serving in the Lloyd D. George United States Federal Courthouse , and multiple Judges serving in the Bruce R. Thompson Courthouse and Federal Building. Not only has Plaintiff failed to allege any wrongdoing by these Judges, but they are almost certainly immune from any such claims, even if brought under the Bivens doctrine.

Plaintiff has also named every United States Department of Justice employee as a defendant. Plaintiff has failed to allege any wrongdoing by these employees, nor is it remotely possible that she could do so.

Plaintiff has also named the State of Nevada as a defendant. It is unclear whether Plaintiff alleges any misconduct on the part of the State of Nevada. However "[a]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974). While it is true that Congress may override State immunity, the Supreme Court has held that § 1983 does not do so. Quern v. Jordan, 440 U.S. 332, 341 (1979). Accordingly, as sovereign immunity appears to be fully intact based on the evidence before the Court, Plaintiff's claims against the State of Nevada are barred

Accordingly, all of these claims are frivolous and dismissed with prejudice.

///

///

III. Vexatious Litigant Analysis

The Court is empowered under 28 U.S.C. § 1651(a) to enjoin litigants "with abusive and lengthy histories." De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). Despite the rarity of issuing an order enjoining a Plaintiff from filing any further action or papers in the court without first obtaining leave of the court, Plaintiff Deann Wiesner ("Wiesner") presents precisely such an abusive and lengthy history. See Id. "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) citing De Long, 912 F.2d at 1148 (internal alteration omitted).

This Circuit has required courts to consider four factors before imposing a pre-filing order on a vexatious litigant. De Long, 912 F.2d at 1147-48. The four factors are (1) notice and an opportunity to be heard; (2) the creation of an adequate record; (3) findings of frivolousness or harassment; and (4) that the order be narrowly tailored to prevent the litigant's abusive behavior. Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1058 (9th Cir. 2007). The first two factors are procedural, requiring the court to engage in certain behaviors. Id. The latter two factors are substantive, helping the courts "define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing on the litigant's right to access the courts." Id.

A. Notice And An Opportunity To Be Heard

At bottom, this factor stems from due process considerations and requires simply that the party have "an opportunity to oppose the order before it is entered." De Long, 912 F.2d at 1147. On August 29, 2013 this Court Ordered Plaintiff to show cause why she should not be deemed a vexatious litigant and be forbidden to file any new complaints or petitions without first seeking leave of the Court (#35). Accordingly, Plaintiff has been given notice and an opportunity to be heard.

Plaintiff responded by letter sent to chambers, protesting the Court's order as Plaintiff has now named Judge Dawson a defendant in this case (##37, 38).[2]

B. Creation of an Adequate Record

The record must "show, in some manner, that the litigant's activities were numerous or abusive." De Long, 912 F.2d at 1147. Further, it "should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." Id.

Although not a part of this Court's analysis, Weisner has already been deemed a vexatious litigant in both the State Justice Courts (Case No. RJC 2011- 072949) and the State Bankruptcy Courts (Case 10-10087-bam). Plaintiff either recognized or should have recognized that engaging in precisely the same types of behavior in this Court would achieve the same result.

While there is evidence from other cases[3], wholly sufficient grounds for deeming Weisner a vexatious litigant stem from her lawsuit against the Judges in this District in 2:13-cv-00315-KJD-GWF. Weisner's original complaint (#1) alleges solely that "Defendants knew victims of domestic violence had their evidence destroyed by State of Nevada[.]" Plaintiff asserts her claims under 42 U.S.C. § 1983. Plaintiff named as Defendants: District Court Judges Philip M. Pro, James C. Mahan, Gloria M. Navarro, Miranda Du, Roger L. Hunt, and Chief Judge Robert C. Jones; Magistrate Judges Peggy A. Leen, Lawrence R. Leavitt (now retired), Robert J. Johnston (now retired), and Carl W. Hoffman; and also, The U.S. Violence Against Women Act Fund Administrators for the State of Nevada (#1).

---

[2] Plaintiff has repeatedly been instructed that letters to a judge will be disregarded (## 28, 31, 36) and yet Plaintiff remains unwilling to conform to the requirements of the Court.

[3] Beyond the State cases noted above, see 2:06-cv-01068-RCJ-RJJ #315. Weisner, a non-party to the case, filed a motion for Injunction, Sanctions and Damages (#314). Judge Jones Ordered the Motion stricken and barred Plaintiff from any further filings in the case without permission of the Court. See also 2:09-cv-1604-PMP-LRL and 2:08-cv-1688-JCM-PAL. In both of these cases Plaintiff has sought to abuse and manipulate the Court, filing numerous baseless motions.

Nine days thereafter, Weisner filed a Motion for Sanctions and Damages (#3). She argues that the Court is in contempt of Court requiring "monetary relief and re-assignment" for assigning the case to Judge Mahan and Magistrate Judge Leen, who were named Defendants in her complaint.

Five days later, Weisner filed an addendum to her complaint, adding claims under § 1983 for the assigned Judges failing to recuse themselves.

Nine days later, Weisner filed an amended complaint (#6) adding as Defendants "State of Nevada beneficiaries Richard Glasson and the estate of Richard Glasson and Karen Bennett-Heron and the estate of Karen Bennett-Heron." It appears that these state court judges were added to the complaint as the result of their refusing her filings under her state court vexatious litigant status. There is also an unclear allegation that Judge Glasson authorized Weisner to engage in criminal activity and then sat at bench during her trial for said criminal activity. Judge Mahan subsequently recused himself (#7) and the case was reassigned to Judge Du (#8). However, the case was immediately transferred to Judge Dawson who was not a named Defendant (#9).

One week later, Weisner filed an appeal to the Ninth Circuit (#10), which was denied as no appealable orders had been entered (#12). Less than one month later, Plaintiff filed a Motion for New Venue (#13) on the grounds that "Chief Judge Jones continues to assign this case to Defendants, the Ninth Circuit cannot address the problem on appeal." It should be recalled that the case had been assigned to Judge Dawson, who was not a Defendant in the case, nearly two months prior to this petition. Subsequently, Magistrate Judge Leen recused herself (#16). The case was reassigned to Magistrate Judge George W. Foley who was not a Defendant in the case (#17).

On the same date that the case was reassigned to Judge Foley, the Court received a letter from Weisner asking Judge Dawson to "advise the Chief Judge...that all Judges, including Bybee & Rawlinson, are disqualified" (#18). She then requested the Court to transfer her case beyond the Ninth Circuit.

Scarcely more than two weeks later, Weisner moved for Pro Bono Counsel (#19). Her grounds are that "the USDOJ (including federal judges) all have bias due to their abuse of power by not disclosing criminal activity in the USDOJ...[and] because the U.S. District Court Judges refuse to disclose what they know or should know."

The same day that Plaintiff moved for Pro Bono Counsel (#19), she also filed her Second Amended Complaint (#20).[4] In this complaint, she names as Defendants "all USDOJ employees including...Kent Dawson...George Foley...Judges Bybee & Rawlinson." Weisner further goes to some length to name every Federal Judge in the Lloyd D. George Federal Courthouse.

In the ensuing four days, Weisner sent no less than three letters (## 21, 22, 23) to Chief Judge Jones protesting the assignment of Judges Du and Mahan, despite their earlier recusals.

Less than two weeks later, Weisner moved for a Writ of Habeas Corpus (#24) and a Motion for a Hearing regarding her *in forma pauperis* application (#25). It is unclear what, if any, grounds Weisner asserts for her Habeas petition, except perhaps her arrest and conviction in the state courts. No grounds whatever accompanied her Motion for a hearing.

Scarcely more than two weeks later, Weisner informed the Court that she was proceeding in Bankruptcy Court and requested Bankruptcy forms (#27).

A few weeks later, Weisner moved for Joinder with Oral Argument (#32). It is unknown what Weisner hopes to join, or why oral argument should be granted. Weisner continues to seek a hearing "before other than US District Court State of Nevada judges." Further, in her separate Points and Authorities (#33), Weisner continues to seek essentially appellate review of her State conviction.

Four days later, Weisner has complained of Judge Foley's assignment because he is now a Defendant (#34). As noted above, this Court ordered Plaintiff to show cause why she should not be

---

[4] Plaintiff violated both Federal Rule of Civil Procedure 15(a)(2) and Local Rule of Civil Practice15-1 in failing to seek leave of the Court to amend her complaint. As both Plaintiff's complaint and her amendment are frivolous, the Court would have denied such a motion.

deemed a vexatious litigant and forbidden to file any new complaints or petitions without first seeking leave of the Court (#35). Plaintiff has responded by letter[5], protesting this Court's order as Judge Dawson is now a named defendant, and asking that the Court transfer Plaintiff's case to the U.S. Supreme Court (##37, 38).

By way of refresher, the record must "show, in some manner, that the litigant's activities were numerous or abusive." De Long, 912 F.2d at 1147. Further, it "should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." Id. The Court submits that this prolonged attempt to manipulate and abuse the Federal Judiciary by naming Federal Judges as Defendants plainly exceeds this requirement.

C. Findings of Frivolousness or Harassment

The Court is required to "make substantive findings as to the frivolous or harassing nature of the litigant's actions" Id. at 1148 quoting In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988). In doing so, the Court must look to "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." Delong, 912 F.2d at 1148 citing Powell, 851 F.2d at 431. Accordingly, "[t]he plaintiff's claims must not only be numerous, but also be patently without merit. Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990).

The record in this case strongly supports that Weisner's motions are both frivolous and harassing. The number and density of Weisner's filings is established above. Further, their frivolousness is established in the Court's dismissal of her claims above. However, additional grounds for finding Plaintiff's actions frivolous and harassing warrant mention. A recurring theme in Weisner's motions is appeal of her state court arrest and conviction, which are beyond the jurisdiction of the Court under the Rooker-Feldman doctrine. See generally, ASARCO Inc. v. Kadish, 490 U.S. 605, 622 (1989). Further, Weisner routinely fails to supply the Court with any

---

[5]Plaintiff has been warned on three previous occasions that letters to a judge will be disregarded (##28, 31, 36). Nevertheless, Plaintiff persists in responding by letters sent to chambers.

11

substantive law or fact in support of her motions. In fact, it appears likely to the Court that Plaintiff cannot supply any legal or factual basis for the vast bulk of her claims. She has not only appealed to the Ninth Circuit when no appealable order had been entered, but is also apparently seeking to proceed in the Bankruptcy court and would like the Court's assistance in that effort. She is seeking Joinder, but to what remains unknown. In short, it appears that Plaintiff is filing any and every motion she can conceive of with no discernable rhyme or reason except perhaps delay and waste of resources. It would be difficult to find a set of filing more frivolous than these.

However, beyond all of the above, Weisner has systematically sought to abuse and manipulate the Court. Despite originally filing her complaint in this Court, Weisner has repeatedly and impermissibly sought to force the Court to transfer this case by naming increasing numbers of Federal Judges as Defendants without any grounds for doing so. At this point, Weisner has named every Federal Judge in the Lloyd D. George United States Federal Courthouse as a Defendant (other than those whose appointment is more recent than Weisner's filings), and multiple Judges serving in the Bruce R. Thompson Courthouse and Federal Building. For good measure, Wiesner also named the entire USDOJ as Defendants. The Courts play a serious and vital role in our constitutional system, and Weisner's gamesmanship not only mocks the dignity of the Court, but impedes the Court's ability to address meaningful disputes on its docket. For all of the above reasons, Weisner's filings are both frivolous and harassing.

### D. An Order Narrowly Tailored to Prevent Litigant's Abusive Behavior

Although cognizant of the gravity of a restrictive filing order, Wiesner's conduct warrants such an order. The record in this case clearly demonstrates that Weisner will without restraint or reason name Federal Judges as Defendants to serve her own impermissible purposes. Accordingly, a pre-filing order is necessary to avoid the continuation of this practice which has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened both the integrity of the Court's Orders and the

orderly administration of justice. Accordingly, Plaintiff is enjoined from filing claims against any Federal Judges in this District without first obtaining leave of the Court. Plaintiff has also demonstrated her inability to regulate her filings in other cases–even when she is not a party–as discussed above. However, given the weight of cutting Plaintiff off from the federal courts, the Court declines to impose a more broad pre-filing order. The Court encourages Plaintiff to exercise restraint and good judgment in her future filings, or a global pre-filing order is not likely, but certain.

IV. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's claims are **DISMISSED** in accordance with the above discussion.

**IT IS FURTHER ORDERED** that Plaintiff is hereby **BARRED** from filing any claim against a Federal Judge in this Court without first obtaining the permission of the Court. Nothing in this injunction prevents Plaintiff's appeal of this Order.

DATED this 18th day of September 2013.

_____
Kent J. Dawson
United States District Judge